IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NICKOLAS WOLFFORD | § | |
| VS. | § | CIVIL ACTION NO. 9:24-cv-87 |
| JAMES HYLAND, III | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Nickolas Wolfford, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against James Hyland, III, the Senior Practice Manager at the Polunsky Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that the Defendant held several medical Step One grievances for several weeks or months past the expiration date. Then, according to Plaintiff, once the Defendant responded to the grievances, he failed to assist Plaintiff regarding the issue presented in the grievance. Plaintiff claims the Defendant's failure to properly respond to his grievances has resulted in his Step Two grievances being processed the same way which, Plaintiff alleges, has caused his stomach infection to get worse. Plaintiff claims the Defendant's actions as Senior Practice Manager were very unreasonable.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33.  Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios.  A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.  662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570).  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

## Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Grievances*

As set forth above, Plaintiff complains that the Defendant held several medical Step One grievances for several weeks or months past the expiration date and did not properly respond to his grievances. Inmates, however, do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir.2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Accordingly, Plaintiff's grievance claims against the Defendant are frivolous and fail to state a claim upon which relief may be granted.

*Violations of Prison Policy*

To the extent Plaintiff's claims may be construed as asserting that the Defendant failed to follow prison regulations regarding the timely processing of his grievances, such claim is without merit. The Defendant's failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez*

*v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

## Recommendation

The above-styled action should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 8th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE